AETNA CASUALTY AND SURETY COMPANY *v.* HIGHTOWER

[No. 16,380. Filed October 17, 1939.]

*Noel, Hickam, Boyd & Armstrong,* and *Harold R. Woodard,* for appellant.

*George C. Uhlir,* and *Elliott & Fell,* for appellees.

DUDINE, J.—This is an appeal from an award of the Industrial Board.

The Industrial Board found, among other facts, that on or about the 17th day of September, 1937, appellee Hightower was in the employ of appellee, Kingston Products Corporation and on said date Hightower suffered an injury as a result of an accident arising out of and in the course of said employment. As a result of said accident Hightower suffered a left incomplete inguinal hernia and became disabled on the 21st day of March, 1938.

The Industrial Board further found that prior to October 1, 1937, appellee, Employers' Liability Assurance Corporation was the insurance carrier for said employer and that beginning on said date appellant, Aetna Casualty and Surety Company, became the insurance carrier for said employer. The Industrial Board granted Hightower an award of compensation against the employer and against appellant, Aetna Casualty and Surety Company.

Appellant has perfected an appeal from said award in which it has assigned as error that the award is contrary to law.

There is but one question presented in this appeal and that is the question whether appellee, Employers' Liability Assurance Corporation, who covered the employer's compensation risk on September 17, 1937, when the accident occurred, should bear the loss or whether appellant, Aetna Casualty and Surety

Company who covered the risk at the time the employee's disability began, should cover the loss.

An employer's liability under the Workmen's Compensation Law is based upon the theory that the industry in which an employee is engaged should carry the burden of impairments to and disabilities of employees which result from accidents arising out of and in the course of the employment.

If Hightower had quit working for Kingston Products Company after the accident occurred and before he became disabled, and had worked for another employer in the meantime and until he became disabled as a result of said accident which occurred on September 17, 1937, it would certainly be unjust to hold the latter employer liable for such disability.

An employer is liable not only for the immediate disabilities and impairments suffered by an employee as a result of such accidents but he is also liable for future disabilities and impairments suffered by the employee as a result of such accidents, which disabilities and impairments occur within the time limits of the statutes of limitations applicable thereto.

Appellee, Employers' Liability Assurance Corporation, having assumed the employer's risk for a term including September 17, 1937, assumed the employer's liability not only for disabilities which resulted immediately from such accidents, but also assumed the employer's liability for disabilities which resulted in the future from such accidents which occurred during the term.

The risk assumed by appellant, Aetna Casualty and Surety Company did not cover such accidents which occurred before October 1, 1937 and *a fortiori*

did not cover future disabilities which resulted from such accidents which occurred before October 1, 1937.

Appellee, Employers' Liability Assurance Corporation, stresses the fact that the Industrial Board found specifically that appellant, Aetna Casualty and Surety Company ". . . was the insurance carrier of defendant at the time of said injury, . . ." and said appellee contends that in view of said finding and in view of the decisions of this court. *In Re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; *S. G. Taylor Chain Company* v. *Marianowski* (1932), 95 Ind. App. 120, 182 N. E. 584; *Muelhausen Spring Co.* v. *Szcewczyk* (1937), 104 Ind. App. 161, 8 N. E. (2nd) 104, there was no "injury" during the time appellee, Employers' Liability Assurance Corporation was the insurance carrier.

In the McCaskey case, supra, this court construed section 25 of the Workmen's Compensation Act (of 1915) which required an employer to furnish a physician for an injured employee only during "the 30 days after an injury" and this court held that said provision required the employer to furnish a physician for 30 days after a known injury had developed even though it had not developed until after more than 30 days after the accident.

In said other cases relied upon by appellee, this court construed a limitation clause barring the right to compensation unless a claim is filed "within two years after the injury" and this court held that the date when such limitation began to run was not the date of the accident but the date when the injury resulting from the accident becomes compensable.

Neither of said questions determined in said cases is pertinent here and neither of said cases is helpful in determining the question before us.

Even if it be assumed, as said appellee contends,

that the Industrial Board used the word "injury" in said finding as meaning "compensable injury" we are not free to affirm this award because we know of no valid reason why appellant Aetna Insurance and Casualty Company should be required to pay compensation on said risk which it did not assume. On the other hand, we know of no valid reason why appellee, Employers' Liability Assurance Corporation should be permitted to escape liability on said risk which it did assume. The mere fact that said insurer was not the insurance carrier when the injury became compensable does not justify its escape from such liability.

The award as against the Aetna Casualty and Surety Company is reversed. The award as against the Kingston Products Company is affirmed. The Industrial Board is instructed to enter an award against appellee, Employers' Liability Assurance Corporation consistent with its finding in this cause.