DOROTHY FRAMPTON *v.* CENTRAL INDIANA GAS COMPANY.

[No. 473S66.  Filed May 1, 1973.]

*George K. Hughel,* of Anderson, for appellant.

*David L. Kiley, Albert C. Harker, Kiley, Osborn, Kiley & Harker,* of Marion, for appellee.

HUNTER, J.—Plaintiff-employee brought an action against her former employer seeking actual and punitive damages for retaliatory discharge. The Henry Circuit Court dismissed the complaint pursuant to TR. 12(B)(6) (failure to state a

claim upon which relief can be granted). The plaintiff appealed. The First District Court of Appeals, in an opinion by Presiding Judge Robertson, affirmed the trial court's dismissal.

The complaint sets out the following facts:

> Plaintiff, an employee of defendant, injured her arm while working. Defendant and their insurer paid her hospital and medical expenses, as well as her full salary, during the four months she was unable to work. However, they did not inform her of further benefits that might have been available. When she did return to the job she performed capably. Approximately 19 months after the injury, defendant and its insurer were notified of a 30 per cent loss in the use of her arm. Although hesitant to file a claim for fear of losing her job she did so, and received a settlement for her injury. About one month later she was discharged from her employment without reason being given.

> Plaintiff prayed for $45,000 in actual damages, and:

> ". . . punitive or exemplary damages in the amount of $135,000.00 which is triple the amount of her actual damages because of the Defendant's intentional acts in defiance of the legislative intent of the Workmen's Compensation Laws which if allowed to persist would effectively thwart the public policy of the State of Indiana."

Workmen's compensation acts are designed to afford injured workers "an expeditious remedy both adequate and certain, and independent of any negligence on their part or on the part of the employer."[1] Prior to workmen's compensation, workers were faced with the harshness of the common law. The employee's only remedy was an action in tort against the employer—actions which were rarely successful.[2] This lack of success is attributed to the common law defenses of assumption of risk, contributory negligence and the fellow servant rule which were accorded inordinate deference.

1. Blair, *Reference Guide to Workmen's Compensation Law*, St. Louis, 1969.
2. It has been estimated that 80% of these pre-workmen's compensation cases were lost or uncompensated. Horovitz, *Injury and Death Under Workmen's Compensation Laws*, Boston, 1944, p. 3.

Workmen's compensation statutes are in derogation of the common law and provide, for those covered, an exclusive remedy for injuries sustained "in the course of" and "arising out of" one's employment. The basic policy behind such legislation is to shift the economic burden for employment connected injuries from the employee to the employer.

> "One of the purposes of the Workmen's Compensation Act is to transfer from the worker to the industry in which he is employed and ultimately to the consuming public a greater portion of economic loss due to industrial accidents and injuries." (authorities omitted)

*Mann et al.* v. *Schnarr* (1950), 228 Ind. 654, 667, 95 N. E. 2d 138, 143. See also: *Guevara* v. *Inland Steel Co.* (1949), 120 Ind. App. 47, 88 N. E. 2d 398; *Aetna Casualty & Surety Co.* v. *Hightower* (1939), 107 Ind. App. 46, 22 N. E. 2d 875.

Workmen's compensation is for the benefit of the employee. *Hoffman* v. *Brooks Const. Co.* (1942), 220 Ind. 150, 41 N. E. 2d 613. Accordingly, it is well-established that the Act[3] be liberally construed in favor of the employee so as to not negate the Act's humane purposes. *Goldstone* v. *Kozma* (1971), 149 Ind. App. 626, 274 N. E. 2d 304; *Prater* v. *Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N. E. 2d 810.

The Act creates a *duty* in the employer to compensate employees for work-related injuries (through insurance) and a *right* in the employee to receive such compensation. But in order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue

---

3. The Indiana Workmen's Compensation Act may be found at IC 1971, 22-3-2-1 *et seq.* (Ind. Ann. Stat. § 40-1201 *et seq.* [1965 Repl.].

their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

Since the Act embraces such a fundamental, well-defined and well-established policy, strict employer adherence is required. IC 1971, 22-3-2-15 (Ind. Ann. Stat. § 40-1215 [1965 Repl.]) states:

> "No contract or agreement, written or implied, no rule, regulation or *other device* shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act." (our emphasis)

We believe the threat of discharge to be a "device" within the framework of 22-3-2-15, and hence, in clear contravention of public policy. By denying transfer and allowing the trial court's dismissal to stand we would be arming unethical employers with common law authority. Once an employee knows he is remediless if retaliatorily discharged, he is unlikely to file a claim. What then is to prevent an employer from coercing an employee? Upholding retaliatory discharge opens the door to coercion and other duress-provoking acts.

Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law. Although, we know of no other cases in this or in any other jurisdiction holding that such a discharge is actionable, there has been a parallel development in landlord and tenant law. Courts in several jurisdictions have held that "retaliatory evictions" offend public policy.[4] "Retaliatory evictions" usually result from a tenant's reporting health or safety code violations to an appropriate administrative body. The tenant, quite often unable to motivate the landlord to make necessary repairs and improvements,

---

4. *Edwards* v. *Habib* (1968), (D.C. Circuit Court of Appeals), 397 F. 2d 687; *Schweiger* v. *Superior Court* (1970), 3 Cal. 3d 507, 90 Cal. Rptr. 729; *Portnoy* v. *Hill* (1968), 57 Misc. 2d 1097, 294 N.Y.S. 2d 278; *Dickhut* v. *Norton* (1970), 45 Wis. 2d 389, 173 N. W. 2d 297; *Wilkins* v. *Tebbetts* (Fla. App. 1968), 216 So. 2d 477 are just a few examples. *Edwards* is considered to be the landmark case in the area.

reports the violations. The landlord, angered by the tenant's temerity, either gives the tenant notice to quite or effectively evicts the tenant by raising the rent to an unreasonable level. The cases hold that retaliatory eviction may be raised as an affirmative defense in an action by the landlord for possession. Going one step further, a recent California decision holds that a landlord's retaliation is the basis of an affirmative cause of action.[5] It should be noted that the California Court of Appeal based its holding on a public policy embodied in a particular section of the Civil Code and not upon any statutorily created cause of action.

Retaliatory discharge and retaliatory eviction are clearly analogous. Housing codes are promulgated to improve the quality of housing. The fear of retaliation for reporting violations inhibits reporting and, like the fear of retaliation for filing a claim, ultimately undermines a critically important public policy.

In summary, we hold that an employee who alleges he or she was retaliatorily discharged for filing a claim pursuant to the Indiana Workmen's Compensation Act (IC 1971, 22-3-2-1, et seq. (Ind. Ann. Stat. § 40-1201 et seq. [1965 Repl.])) or the Indiana Workmen's Occupational Diseases Act (IC 1971, 22-3-7-1 et seq. (Ind. Ann. Stat. § 40-2201 et seq. [1965 Repl.])) has stated a claim upon which relief can be granted. We further hold that such a discharge would constitute an intentional, wrongful act on the part of the employer for which the injured employee is entitled to be fully compensated in damages. Of course, the issue of retaliation should be a question for the trier of fact.

We agree with the Court of Appeals that, under ordinary circumstances, an employee at will may be discharged without cause. However, when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized.

---

5. *Aweeka* v. *Bonds* (1971), 20 C. A. 3d 278, 97 Cal. Rptr. 650.

For all the foregoing reasons, the petition for transfer is hereby granted and the order of dismissal by the trial court pursuant to TR. 12(B)(6) is hereby reversed. This cause is remanded to the Henry Circuit Court for further proceedings not inconsistent with our opinion.

Arterburn, C.J., DeBruler, Givan, JJ., concur; Prentice, J., dissents with opinion to follow.

NOTE.—Reported in 297 N. E. 2d 425.