ORION'S BELT, INC.

v.

KAYSER–ROTH CORP.

No. IP 75–539–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

June 28, 1977.

Dann, Pecar, Newman, Talesnick & Kleiman by Lawrence F. Dorocke, Indianapolis, Ind., for plaintiff.

Barnes, Hickam, Pantzer & Boyd, by Stephen K. Smith, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on defendant's assertion in its Amended Answer of an affirmative defense and plaintiff's response in the form of a Motion to Strike Defendant's Fourth Affirmative Defense. The Fourth Defense states that the allegations of Count III of plaintiff's complaint fail to state a claim upon which relief can be granted and will be treated as a motion to dismiss Count III of plaintiff's complaint.

Plaintiff alleges that defendant caused national advertising which depicted a leath-

er belt manufactured by plaintiff to be circulated to the retail men's wear trade, that the defendant thereafter manufactured and sold a poor quality imitation of plaintiff's product, and that defendant continues to circulate the advertising depicting plaintiff's product while selling the imitation.

Seeking damages and an injunction against the continued use of the advertising, plaintiff alleges that defendant engaged in unfair competition and also that defendant violated both 15 U.S.C. § 1125 and Ind.Code § 24–1–2–1 (Burns 1974). Count III sets out the alleged violation of Ind.Code § 24–1–2–1 (Burns 1974), and, pursuant to Ind.Code § 24–1–2–7 (Burns 1974), plaintiff seeks to recover a penalty of three-fold the damages sustained. Plaintiff also seeks attorneys' fees under Ind.Code § 21–1–2–7 (Burns 197–); the Court assumes that this was a typographical error and that plaintiff refers to Ind.Code § 24–1–2–7 (Burns 1974).

Section 24–1–2–1 reads, in part, as follows:

> "Combinations to restrain trade or prevent competition—Act of 1907.—Every scheme, design, understanding, contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce, or to create or carry out restrictions in trade or commerce . . . is hereby declared to be illegal . . . ."

Section 24–1–2–7 allows a private action for damages for anything declared unlawful under the Act [24–1–2–1—24–1–2–12], together with the costs of suit, including a reasonable attorney's fee.

Defendant asserts that plaintiff has alleged only unilateral acts by defendant and that unilateral acts do not constitute a prohibited scheme or design in restraint of trade under Section 24–1–2–1.

No Indiana case squarely addresses the issue of whether a scheme or design prohibited under Section 24–1–2–1 requires two or more participants. In *Dye v. Carmichael Produce Co.*, 64 Ind.App. 653, 116 N.E. 425 (1917), the Court considered whether defendant's alleged conduct, apparently unilateral, fell within the prohibitions of a predecessor statute of Section 24–1–2–1 and Section 24–1–2–2. The Court concluded that the facts alleged failed to bring the case within the sections of the statute, but the Court did not explicitly state whether the unilateral character of the alleged acts took them out of the statute's prohibitions. Instead, the Court merely noted that defendant was within his legal rights in attempting to obtain a legitimate business advantage. Therefore, the result in *Dye* does not answer the question at hand.

Defendant cites *State ex rel. Lesh v. Indiana Manufacturer of Dairy Products*, 198 Ind. 288, 153 N.E. 499, 501 (1927), for the proposition that a plaintiff must affirmatively establish that an agreement has been made between some of the defendants. However, the plaintiff in that case alleged a conspiracy rather than a scheme or design as alleged in the complaint before this Court.

Plaintiff contends that whereas one could not have a combination or conspiracy unless two or more parties were involved, it would not be inconsistent for a single party to engage in a scheme or design to restrain trade. Although the words "scheme" and "design" do not by themselves appear to call for concerted action, when interpreted in the context of the other statutory language and the policies underlying antitrust legislation, the words "scheme" and "design" do connote concerted action by more than one party.

■ To interpret the Indiana antitrust statute, the Indiana courts have turned to decisional law under the Sherman Antitrust Act. *See, Fort Wayne Cleaners and Dyers Assoc. v. Price*, 127 Ind.App. 13, 137 N.E.2d 738 (1956). Recently the Indiana Court of Appeals stated in a footnote, "[Section] 24–1–2–1 is substantially patterned after [Section] 1 of the federal Sherman Antitrust Act, 15 U.S.C.A. § 1 (1970)." *Citizens National Bank of Grant County v. First National Bank in Marion*, 331 N.E.2d 471, 478 n. 5 (Ind.App.1975). Therefore, this Court

looks to decisional law under the Sherman Antitrust Act, 15 U.S.C. § 1, and notes that a violation of Section 1 of the federal legislation "must be comprised of concerted action by separate business entities, as opposed to mere unilateral action by a single person or firm." *Polytechnic Data Corp. v. Xerox Corp.*, 362 F.Supp. 1, 8 (N.D.Ill.1973). The Seventh Circuit in *Bell v. Speed Queen*, 407 F.2d 1022 (7th Cir. 1969), also looked to federal law to help interpret a different section of the Indiana antitrust legislation. There, the Court stated, "If an analogy may be drawn to actions based on the federal restraint of trade laws, unilateral action is not actionable." 407 F.2d at 1027.

Although 15 U.S.C. § 1 calls for concerted activity, plaintiff asserts that because 15 U.S.C. § 2 is directed toward unilateral action, Section 24–1–2–1 may also include unilateral action. However, Section 24–1–2–1 does not appear to be patterned after both 15 U.S.C. § 2 and 15 U.S.C. § 1; rather, Section 24–1–2–1 is patterned after 15 U.S.C. § 1, and Section 24–1–2–2 is patterned after 15 U.S.C. § 2. In reference to the federal legislation, the Fifth Circuit has stated:

> "The essential element in a Section 1 violation, not found in Section 2 cases, is the existence of some kind of contract, combination or conspiracy. It is fundamental that at least two independent business entities are required for violation of Section 1, while one alone is sufficient under Section 2." *Six Twenty-nine Productions v. Rollins Telecasting*, 365 F.2d 478, 484 (5th Cir. 1966).

Although the wording of Section 24–1–2–1 differs slightly from the wording of 15 U.S.C. § 1, this Court concludes that the Indiana statute requires some kind of combination or concerted action by more than one party in order to constitute a scheme or design under Section 24–1–2–1. Because the plaintiff in Count III alleges only unilateral action, Count III is insufficient and should be dismissed.

This Court having considered defendant's motion to dismiss Count III of the plaintiff's complaint and plaintiff's motion to strike defendant's affirmative defense, the briefs in support thereof and in opposition thereto, and being duly advised in the premises, hereby concludes:

(1) that defendant's motion to dismiss Count III of the complaint should be and hereby is GRANTED, and

(2) that plaintiff's motion to strike should be and hereby is DENIED.

IT IS SO ORDERED.