

Jon E. Krupnick, Krupnick & Campbell, P.A., Fort Lauderdale, Fla., for plaintiff.

Eugene L. Heinrich, McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, Fla., for defendant.

**Suzanne SLOANE, Plaintiff,**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Defendant.**

**No. 80–6319–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

Jan. 27, 1981.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count II and Plaintiff's Motion to Strike. The latter will be treated as a reply to Defendant's Motion to Dismiss.

Plaintiff, Suzanne Sloane, an employee of Defendant Southern Bell Telephone & Telegraph Company, brought this action as a result of injuries she incurred while in the course and scope of her employment.[1] Plaintiff received the applicable workmen's compensation rate of $105.00 per week plus $126.00 per week under the Plan for Employees' Pensions, Disability Benefits and Death Benefits (the "Benefit Plan").

After accepting Plaintiff as permanently, totally disabled, Defendant ceased making the $126.00 payment per week. Instead, Plaintiff began to receive $105.00 for workmen's compensation plus a $21.00 supplemental payment.

---

1. This action was originally brought in the Seventeenth Judicial Circuit, in and for Broward County, Florida. Pursuant to 28 U.S.C. § 1441, Defendant filed a petition to remove this action to this Court alleging that this action was brought for breach of a collective bargaining agreement under 29 U.S.C. § 185(a).

Count I alleges, *inter alia,* that Defendant breached the "Benefit Plan" and the collective bargaining agreement entered into by the Communication Workers of America and the Defendant, by reducing the amount of her weekly disability payments. Count II, a pendent state law claim for compensatory and punitive damages, alleges that the reduction in payments "was a punitive and retaliatory measure for pursuing a workmen's compensation claim and indicated reckless disregard for the rights of the Plaintiff." (Complaint at ¶ 27)

The Defendant has moved to dismiss this second count for failure to state a claim upon which relief can be granted. Rule 12(b)(6) Federal Rules of Civil Procedure.

The issue before the Court is whether under Florida law a reduction of disability payments in retaliation for filing a claim for workmen's compensation constitutes an independent tort for which damages are recoverable.

Plaintiff submits that other jurisdictions have recognized such a cause of action and that given the opportunity the Florida courts would do the same. See *Frampton v. Central Indiana Gas Company,* 260 Ind. 249, 297 N.E.2d 425 (1973); *Leach v. Lauhoff Grain Company,* 51 Ill.App.3d 1022, 9 Ill. Dec. 634, 366 N.E.2d 1145 (4th DCA 1977). See also Annot. 63 A.L.R.3d 979 Workmen's Compensation: Recovery for Discharge in Retaliation for Filing Claim (1975).

In *Frampton* the court analogized the claim for retaliatory discharge to an action by a tenant against a landlord for "retaliatory eviction". 260 Ind. at 252, 297 N.E.2d at 428. In both instances the court said that the fear of retaliation would inhibit the exercise of a right and ultimately undermine an important public policy. Id. at 252, 297 N.E.2d at 428.

Plaintiff's reliance on *Frampton* and its progeny is misplaced. First, at least one Florida court has addressed the question of whether a discharge in retaliation for filing a workmen's compensation claim states a cause of action. In *Segal v. Arrow Industries, Corporation,* 364 So.2d 89 (Fla. 3d DCA 1978) (per curiam) the court held that

under Florida law no cause of action exists for the retaliatory discharge of an employee where the employment was oral and terminable by either party at any time. This intermediate appellate court decision is datum for ascertaining Florida's law and will not be disregarded by this court unless persuasive data is presented to indicate that the Supreme Court of Florida would decide otherwise. See *C. I. R. v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

Second, the *Frampton* line of cases hold that an employee may bring an action against an employer to recover damages for *wrongful discharge* in retaliation for the employee's filing of a claim for workmen's compensation. *E. g., Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (Ill.1978); *Sventko v. Kroger, Co.,* 69 Mich.App. 644, 245 N.W.2d 151 (1976). Plaintiff, however, is not alleging a wrongful discharge but rather a *wrongful reduction* of payments. Plaintiff has not cited a single case recognizing a cause of action for the alleged wrongful reduction of compensation in retaliation for filing a workmen's compensation claim.

The Plaintiff's proper remedy remains in Count I, for breach of the "Benefit Plan" and the collective bargaining agreement.

It is accordingly,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II be and the same is hereby GRANTED, and Count II is hereby DISMISSED. Trial on Count I will be set by further Order of the Court.