Vaughn E. PERRY, Jr., Plaintiff,

v.

The HARTZ MOUNTAIN CORPORA-
TION, Defendant.

No. IP 81–631–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 28, 1982.

C. Robert Knight, Samuel A. Fuller, Indianapolis, Ind., for plaintiff.

Gregory B. Craig, Washington, D. C., Joe C. Emerson, Indianapolis, Ind., for defendant.

## ENTRY

DILLIN, District Judge.

This case is before the Court on the motion to dismiss of the defendant, Hartz Mountain Corporation (Hartz). For the reasons stated below, the motion is granted in part and denied in part.

### Facts

The plaintiff, Vaughn E. Perry, Jr., was employed by Hartz from September 1975 to June 14, 1979, when he was discharged. Perry accuses Hartz of certain anticompetitive practices. He alleges that his dismissal was in retaliation for his refusal to continue his participation in those practices and deliver evidence of them to Hartz. Hartz contends that Perry was fired because he defrauded the corporation and refused to cooperate in an in-house investigation of company practices.

Perry filed suit on June 12, 1981, properly invoking jurisdiction under 28 U.S.C. §§ 1331 and 1332. He alleges (1) that he was wrongfully discharged, (2) that Hartz violated state and federal antitrust laws, (3) that Hartz negligently breached its duty of good faith and fair dealing, (4) that Hartz was guilty of outrageous conduct toward him, and (5) that Hartz defamed him. Hartz has moved to dismiss each of these claims for failure to state a claim upon which relief can be granted.

### Discussion

### I. Wrongful discharge

■ Hartz contends that Perry has failed to state a claim for wrongful discharge because he was an employee at will who could be discharged at any time. Indiana has long subscribed to the employment at will doctrine, which holds that an employment at will relationship can be terminated at any time by either party. *Speeder Cycle Co. v. Teeter*, 18 Ind.App. 474, 48 N.E. 595 (1897). A modification of the doctrine occurred fairly recently in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973). In that case the Indiana Supreme Court recognized an exception to the employment at will doctrine and allowed a cause of action for wrongful discharge by an employee who was dismissed in retaliation for exercising a statutorily conferred right—filing a workmen's compensation claim.

In a case construing the *Frampton* rule, *Campbell v. Eli Lilly & Co.*, Ind.App., 413 N.E.2d 1054 (1980), *transfer denied*, 421 N.E.2d 1099 (Ind.1981), the Indiana Court of Appeals equated exercising a statutorily conferred right with fulfilling a statutorily imposed duty, and stated that discharge in retaliation for either falls within the exception. However, the Court of Appeals found that the plaintiff, who charged that he was fired for reporting misconduct in drug research to company officials, had failed to establish either that he had exercised a statutory right or fulfilled a statutory duty. *Id.*, 413 N.E.2d at 1059. In this case, on the other hand, Perry is under a statutory duty to refrain from engaging in conspiracies in restraint of trade. 15 U.S.C. § 1; I.C. 24–1–2–1. By alleging that Hartz discharged him for refusing to continue his participation in an anticompetitive conspiracy, Perry has stated a claim which falls within the *Frampton-Campbell* exception to the employment at will doctrine. On the wrongful discharge claim, therefore, Hartz's motion to dismiss is denied.

## II. *Federal and state antitrust violations*

In Counts II and III of his complaint, plaintiff alleges that Hartz violated state and federal antitrust laws by, among other things, inducing retailers to deal exclusively with Hartz through payoffs and fraudulent credits and attempting to establish tying arrangements between Hartz's pet care and carpet care products. Hartz responds that Perry has no standing to assert these antitrust claims.

Section 4 of the Clayton Act, 15 U.S.C. § 15, allows "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws" to bring a private action. A literal interpretation of this section could lead to a flood of litigation by plaintiffs only indirectly affected by anticompetitive activities. Courts have approached the statutory language in various ways, seeking to make the right-to-sue standard manageable, yet still consistent with the purposes of the antitrust laws. *See, e.g., Bravman v. Bassett*

*Furniture Industries, Inc.*, 552 F.2d 90 (3rd Cir.), *cert. denied*, 434 U.S. 823, 98 S.Ct. 69, 54 L.Ed.2d 80 (1977) (balancing test); *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142 (6th Cir. 1975) (zone of interests test); *Reibert v. Atlantic Richfield Co.*, 471 F.2d 727 (10th Cir.), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 399 (1973) (direct injury test); *Mulvey v. Samuel Goldwyn Productions*, 433 F.2d 1073 (9th Cir. 1970), *cert. denied*, 402 U.S. 923, 91 S.Ct. 1377, 28 L.Ed.2d 662 (1971) (reasonable foreseeability test); *Karseal Corp. v. Richfield Oil Corp.*, 221 F.2d 358 (9th Cir. 1955) (target area test).

In the Seventh Circuit the prevailing approach is the target area test, which provides that to state an antitrust claim a plaintiff must allege injury which is within the area affected, or intended to be affected, by the defendant's anticompetitive actions. *Illinois v. Ampress Brick Co.*, 536 F.2d 1163, 1167 (7th Cir. 1976), *rev'd on other grounds sub nom. Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977); *In re Folding Carton Antitrust Litigation*, 88 F.R.D. 211, 218 (D.C.N.D.Ill.1980). *See Weit v. Continental Illinois Nat'l Bank & Trust Co.*, 641 F.2d 457, 469 (7th Cir. 1981); *Lupia v. Stella D'Oro Bisquit Co.*, 586 F.2d 1163, 1168–69 (7th Cir. 1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1791, 60 L.Ed.2d 242 (1979). As the Seventh Circuit Court of Appeals noted in *Weit* and *Lupia*, this test is sometimes thought of in terms of standing, and at other times as requiring that direct injury be alleged. The distinction between these two theories is vague at best, and, in this case at least, is of little or no importance. "The fundamental requirement is that plaintiffs establish a sufficient nexus between the defendant's alleged actions and an injury to plaintiffs." *Weit*, 641 F.2d at 469.

The *Lupia* and *Weit* cases illustrate how this requirement may be applied. In *Lupia*, the plaintiff, a food distributor, alleged that the defendant, a wholesaler, violated the antitrust laws by granting certain retail outlets a discount and charging it to the

plaintiff. In *Weit*, bank charge card holders brought suit alleging that the defendant banks had conspired to fix the interest rates charged for extended payments. In each case the Seventh Circuit held that the plaintiffs failed to establish that they were directly affected by the defendants' anticompetitive acts. In *Lupia*, only retailers who were not given the discount were within the target area. In *Weit*, only the charge card customers of a particular defendant bank were directly affected—not the plaintiffs, customers of another bank who sought to represent the other customers through a class action.

■ These cases are analogous to the present one. Perry has alleged that Hartz utilizes illegal tactics against retailers to gain control of the market for its products. Perry's injury, the loss of his job, is not a direct result of Hartz's alleged anticompetitive activities. Only the retailers subjected to Hartz's alleged practices could claim direct injury. Only they are in the target area, and Perry may not sue Hartz as their surrogate.

The Court is aware that a panel of the Ninth Circuit Court of Appeals, which was a leader in developing the target area test, see *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122 (9th Cir.), *cert. denied*, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336 (1973), has recently forsaken that approach. In *Ostrofe v. H.S. Crocker Co.*, 670 F.2d 1378 (9th Cir. 1982), the panel majority permitted an employee who alleged he was pressured to resign in retaliation for refusing to take part in anticompetitive practices to bring an antitrust suit against his employer. The decision was based almost exclusively on policy grounds, and it is not without its appeal. However, as Judge Kennedy's strong dissent notes, the *Ostrofe* decision is a striking departure from established precedent in its own, and this, circuit. Without an indication that the Seventh Circuit would join in this departure, this Court will not presume to alter this circuit's settled approach.

Perry has not shown that he was in the target area of Hartz's alleged anticompetitive practices. Therefore, his federal antitrust claim is dismissed.

■ Perry also lacks standing under state antitrust law. The Indiana Antitrust Act, particularly I.C. 24–1–2–1 and 24–1–2–2, is patterned after the Sherman Act. *Photovest Corp. v. Fotomat Corp.*, 606 F.2d 704 (7th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1278, 63 L.Ed.2d 601 (1980); *Orion's Belt, Inc. v. Kayser-Roth Corp.*, 433 F.Supp. 301 (D.C.S.D.Ind.1977); *Citizens Nat'l Bank v. First Nat'l Bank*, 165 Ind. App. 116, 331 N.E.2d 471 (1975). Federal case law has been consulted in interpreting the Indiana statute. *Citizens Nat'l Bank*, 331 N.E.2d at 478–79. Although the standing issue in *Citizens Nat'l Bank* is not factually analogous, the court's adherence to the direct-injury requirement, *id.* at 478–79, supports the notion that federal and state standing tests are essentially the same. Therefore, for the same reasons stated in the discussion of federal antitrust standing, Perry's state antitrust claim is also dismissed.

### III. *Negligent breach of the duty of good faith*

■ In Count IV of his complaint, Perry alleges that Hartz's acts constituted a negligent breach of its duty of good faith and fair dealing. Indiana does not recognize that such a duty is owed by an employer to an employee at will. *See Campbell v. Eli Lilly Co.*, Ind.App., 413 N.E.2d 1054, 1066–67 (1980) (Ratliff, J., concurring in part and dissenting in part). For that reason, Count IV is dismissed.

### IV. *Outrageous conduct/intentional infliction of emotional distress*

■ Count V alleges that Hartz is guilty of outrageous conduct toward Perry; it is essentially an accusation of intentional infliction of emotional distress. *See Restatement (Second) of Torts* § 46 (1965). The general rule in Indiana is that claims for emotional distress are not recognized unless the distress is accompanied by a physical injury. *Charlie Stuart Oldsmobile, Inc. v.*

*Smith*, 171 Ind.App. 315, 357 N.E.2d 247, 253–54 (1976), *on reh.* 369 N.E.2d 947 (1977). This rule has one exception: an action for emotional distress unaccompanied by physical injury is permitted when a legal right is invaded in such a way as to "provoke an emotional disturbance." Examples of actions which have been held to fit within this exception are ones for false imprisonment, assault, abduction, wrongful ejection, seduction, and unauthorized autopsy. *Id.*

Although the question of damages for emotional distress has not been considered by an Indiana court in the context of an action charging a retaliatory discharge, this Court believes that the question, if presented, would be resolved in favor of the employee and thus constitute another exception to the general rule. This inference follows from the following language contained in *Frampton, supra* :

> We further hold that such a [retaliatory] discharge would constitute an intentional, wrongful act on the part of the employer for which the injured employee is entitled to be fully compensated in damages.

■ To be "fully compensated" is taken by this Court to mean to be compensated for any and all injuries which are proximately caused by the wrongful act. Therefore, if a plaintiff is able to prove by a preponderance of the evidence both that he was the victim of a retaliatory discharge, and that he suffered emotional distress as a result thereof, he should be able to include such element in his measure of damages.

■ However, we fail to perceive that Count V states a tort separate and distinct from that alleged in Count I. The wrongful act allegedly committed by the defendant is to have discharged the plaintiff for an impermissible reason. The emotional distress allegedly suffered is just one of various consequences of that act. For such reason, Count V is surplusage and is dismissed. On trial, the plaintiff will be permitted to attempt to prove emotional distress as a proximate result of wrongful discharge.

### V. *Defamation*

■ In Count VI Perry alleges that Hartz defamed him by stating that he was "fired for stealing." There is no indication as to when, where, or to whom the statement was made. As a result, the allegation falls short of stating a claim. Under the prevailing rule in the Seventh Circuit, averments of time and place are material elements of a claim. *Kincheloe v. Farmer*, 214 F.2d 604 (7th Cir. 1954), *cert. denied*, 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721 (1955). Observance of this rule helps ensure that a defendant is given a clear idea of the allegations made against him and that the relevance of threshold questions such as those involving statutes of limitations and conflict of laws may be evaluated. Because Perry's defamation claim lacks sufficient allegations as to time and place, it is dismissed with leave to amend.

### VI. *Equitable relief for state antitrust violations*

■ Count VII of the complaint requests a decree of ouster under I.C. 24–1–2–5 as a remedy for Hartz's alleged violations of Indiana antitrust law. This count must be dismissed for two reasons: first, as explained in section II of this entry, Perry lacks standing to bring an antitrust suit against Hartz, and second, I.C. 24–1–2–5 authorizes civil suits for violations of the antitrust statute only in the name of the state upon the relation of the proper party, a requirement with which Perry has not complied.

### *Summary*

Hartz's motion to dismiss is denied as to Count I, but granted as to all other counts of the complaint.