**Gloer B. HELMAN, Plaintiff,**

v.

**AMF, INC., Defendant.**

**Cause No. EV 83–63–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Sept. 15, 1987.

Berger & Berger, Evansville, Ind., for plaintiff.

Richard E. Lieberman, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Arthur D. Rutkowski, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., for defendant.

## ORDER

BROOKS, Chief Judge.

This matter is before the Court upon the motion of the defendant, AMF, Ind. ("AMF"), to strike and for judgment on the pleadings on Count III of plaintiff's complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Court, having held oral argument in this matter and having received all the necessary briefs, notes the matter ripe for ruling. Jurisdiction is properly asserted under the provisions of 28 U.S.C. § 1331.

## FACTUAL SUMMARY

Plaintiff, Gloer B. Helman, worked for AMF from March 1972 until his discharge on 23 April 1982. When plaintiff was discharged, he was employed as a product manager-relays and had no specific duration of employment. As a result of his discharge, plaintiff brought the instant three-count complaint alleging that he was fired because of his age (52 years) (Count I); he was fired because he had opposed AMF's unlawful campaign to rejuvenate the marketing department by firing or refusing to hire older persons (Count II); and he was discharged in retaliation for exercising his rights under state law, which he alleges violated public policy of Indiana (Count III). It is Count III that is the focus of defendant's motion.

Summarized, defendant contends that plaintiff's public policy claim under Indiana law fails to state a claim upon which relief may be granted and that the claims in Count III on age discrimination are redundant of the claims in Counts I and II. Plaintiff retorts by stating that defendant's rejuvenation campaign was a deliberate plan in flagrant violation of the anti-age discrimination laws, and that the Indiana legislature has expressly declared age discrimination to be violative of Indiana public policy.

Indiana has long recognized that at-will employees may be discharged "for good reasons, bad reasons, or no reasons, without incurring liability...." *Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194, 1197 (7th Cir.1986). Indiana has, however, recognized an exception to the general rule and that is for the tort of wrongful discharge in retaliation for exercising a statutory right or performing a statutory duty. *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973). Hence, if plaintiff can demonstrate that he falls within the *Frampton* exception, then Count III survives.

*Frampton* involved a plaintiff filing for workmen's compensation and subsequently being discharged solely for filing his claim. The Indiana Supreme Court determined that plaintiff had stated a cause of action and, hence, fell outside the at-will general rule. Workmen's compensation claims are not the exclusive exception to the at-will doctrine, for the Indiana Appellate Court in *McClanahan v. Remington Freight Lines, Inc.*, 498 N.E.2d 1336 (1986), recognized that the plaintiff in *McClanahan* fell within the exception of *Frampton*. In *McCla-*

*nahan,* the plaintiff was a truck driver employed at will who was asked to pick up a load in New York that required plaintiff to travel by interstate highway through Illinois. Plaintiff refused to take the load through Illinois due to a state statute that imposed a lower weight limit than the federal statute. Plaintiff's load was violative of the Illinois statute, but not the federal statute. The appellate court, after a thorough discussion of *Frampton* and its progeny, determined that by alleging his employer discharged him solely for refusing to perform an illegal act, plaintiff had stated a cause of action within the *Frampton* exception.

At bar, plaintiff is asserting a novel cause of action under I.C. § 22–9–2–1, *et seq.* In the statute, the Indiana legislature makes it an "unfair employment practice and against public policy to dismiss, or to refuse to employ or, rehire, any person solely because of his age...." I.C. § 22–9–2–2. This statute, however, fails to expressly address any remedy for any violations. Plaintiff urges the Court to fashion common law remedies to redress the alleged violations. This Court refuses to invoke any such remedy for the reasons mentioned hereinafter.

The Indiana statute, I.C. § 22–9–2–1, defines an employer for purposes of the act, and this definition specifically excludes a person or governmental entity which is subject to the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Consequently, Indiana state courts are deprived of jurisdiction if the employer falls within the definition of employer as defined under ADEA in 29 U.S.C. § 630(b). *Keitz v. Lever Bros. Co.,* 563 F.Supp. 230 (N.D. Ind.1983). It may be argued, therefore, that the Indiana legislature intended the ADEA to provide adequate remedies in most circumstances and the state statute would be invoked in others. Of course, the argument works the other way as well, but the Court finds the former more persuasive.

Moreover, in *Reeder–Baker v. Lincoln National Corp.,* 644 F.Supp. 983, 1 BNA Indiv. Empl. Rights Case 963 (N.D.Ind. 1986), a case that is strikingly similar to the instant case, the plaintiff brought a Title VII action against her employer alleging race and color discrimination. Plaintiff, in her complaint, added a pendent state law claim for retaliatory discharge. The federal district court, in dismissing the pendent state claim for retaliatory discharge, determined that Title VII afforded the plaintiff available remedies and, hence, the need for the *Frampton* exception is obviated. The plaintiff in the instant case has an ADEA claim which is similar to the plaintiff in *Reeder–Baker* filing a Title VII claim, that affords him ample remedies in the event he prevails. Consequently, for all the foregoing reasons, plaintiff's retaliatory discharge claim (Count III) is DISMISSED. Since no claim is stated in Count III, the Court must also DENY plaintiff's request for punitive damages in the same count.