Michael B. MONTGOMERY,
Appellant–Plaintiff,

v.

The BOARD OF TRUSTEES OF
PURDUE UNIVERSITY,
Appellee–Defendant.

No. 79A05–0411–CV–591.

Court of Appeals of Indiana.

April 7, 2005.

Raymond J. Hafsten, Jr., Indianapolis, IN, Attorney for Appellant.

Deborah B. Trice, Karen R. Orr, Stuart & Branigin LLP, Lafayette, IN, Attorneys for Appellee.

**OPINION**

CRONE, Judge.

**Case Summary**

Michael B. Montgomery appeals the dismissal of and judgment on the pleadings for his age discrimination claim against the

---

Board of Trustees of Purdue University ("Purdue"). We affirm.[1]

## Issue

Montgomery presents three issues for review, one of which we find dispositive: whether Purdue is an "employer" for purposes of the Indiana Age Discrimination Act ("IADA").[2]

## Facts and Procedural History[3]

 Montgomery was employed by Purdue from July 1973 to November 2002, when he was dismissed after declining involuntary retirement. On May 9, 2003, the fifty-eight-year-old Montgomery filed a complaint for wrongful discharge under the IADA. On July 2, 2003, Purdue filed a motion to dismiss for lack of subject matter jurisdiction, based on Montgomery's failure to exhaust his administrative remedies, and for failure to state a claim upon which relief can be granted. Ind. Trial Rule 12(B)(1), –(6). On September 8, 2004, the trial court granted Purdue's motion to dismiss. On October 1, 2004, the trial court entered judgment on the pleadings pursuant to Indiana Trial Rule 12(C). Montgomery now appeals.

## Discussion and Decision

 In its motion to dismiss, Purdue asserted that Montgomery failed to state a claim upon which relief can be granted because Purdue is not an "employer" for purposes of the IADA. We apply the following standard of review:

When reviewing a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court accepts as true the facts alleged in the complaint. A T.R. 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint. When reviewing a T.R. 12(B)(6) motion to dismiss, we view the pleadings in the light most favorable to the non-moving party, and draw every reasonable inference in favor of that party. We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts, which, even if true, would not support the relief requested in that complaint. Moreover, we will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record.[4]

*Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct.App.1999) (citations omitted), *trans. denied* (2000).

Indiana Code Section 22–9–2–2 states, "It is declared to be an unfair employment practice and to be against public policy to dismiss from employment, or to refuse to employ or rehire, any person solely because of his age if such person has attained

---

1. Montgomery's request for oral argument is hereby denied.

2. Ind.Code §§ 22–9–2–1 to –11.

3. Montgomery's brief does not comply with the Indiana Rules of Appellate Procedure in several important respects, the most obvious of which is the absence of a table of authorities as required by Appellate Rule 46(A)(2). Montgomery's statement of the case does not contain references to the record on appeal or the appendix as required by Appellate Rule 46(A)(5), and the argument section of his brief does not "include for each issue a concise statement of the applicable standard of review" as required by Appellate Rule

46(A)(8)(b). Furthermore, Montgomery's contentions are largely unsupported by cogent reasoning, as required by Appellate Rule 46(A)(8)(a). "A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues." *Wright v. Elston*, 701 N.E.2d 1227, 1231 (Ind.Ct.App.1998), *trans. denied*. Montgomery's brief comes perilously close to failing on both counts.

4. The trial court's order on Purdue's motion to dismiss does not appear in the record before us, and the chronological case summary does not indicate the basis on which the court granted the motion.

the age of forty (40) years and has not attained the age of seventy (70) years." Indiana Code Section 22–9–2–1 provides that an "employer" for purposes of the IADA does not include "a person or governmental entity which is subject to the federal Age Discrimination in Employment Act ["ADEA"] (29 U.S.C. 621 et seq.)." Both parties agree that Purdue is a governmental entity, but they disagree whether Purdue is "subject to" the ADEA.

29 U.S.C. § 623(a) states in pertinent part, "It shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 630(b) defines "employer" in relevant part as "any agency or instrumentality of a State[.]" Both parties seem to agree that Purdue is an instrumentality of the state and therefore an "employer" under the ADEA. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir.1987) (holding that Purdue is an instrumentality of the state for Eleventh Amendment purposes in 42 U.S.C. § 1983 action), *cert. denied*. For purposes of the IADA, both parties interpret "subject to" the ADEA as subject to both its substantive and enforcement provisions. We find this to be a reasonable interpretation.

29 U.S.C. § 626(d) provides that an aggrieved person must first file a charge alleging unlawful age discrimination with the Equal Employment Opportunity Commission ("EEOC"), which "shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any al-leged unlawful practice by informal methods of conciliation, conference, and persuasion." After filing the charge with the EEOC, the aggrieved person

> may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.

29 U.S.C. § 626(c)(1). In *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), the United States Supreme Court limited the relief available to state employees under the ADEA.

The plaintiffs in *Kimel* had filed suit under the ADEA, "seeking money damages for their state employers' alleged discrimination on the basis of age. In each case, the state employer moved to dismiss the suit on the basis of its Eleventh Amendment immunity."[5] *Id.* at 66, 120 S.Ct. 631. The Court considered "whether the ADEA contains a clear statement of Congress' intent to abrogate the States' Eleventh Amendment immunity and, if so, whether the ADEA is a proper exercise of Congress' constitutional authority." *Id.* at 66–67, 120 S.Ct. 631. The Court ultimately determined that Congress had clearly intended to abrogate such immunity, but that the ADEA was not a proper exercise of its constitutional authority. *See id.* at 91, 120 S.Ct. 631 ("In light of the indiscriminate scope of the Act's substantive requirements, and the lack of evidence of widespread and unconstitutional age dis-

---

5. The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

crimination by the States, we hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid.").[6] The Court emphasized that its decision did not "signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers." *Id.* Indeed, the Court observed, "State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union." *Id.* The Court then dropped a footnote citing to the IADA, as well as to legislation from other states. *Id.* at n. * (citing, *inter alia*, Ind. Code § 22–9–2–1 et seq. (1993)). The Court stated, "Those avenues of relief remain available today, just as they were before this decision." *Id.* at 91–92, 120 S.Ct. 631.[7]

The question here is whether, notwithstanding *Kimel*, Purdue is "subject to" the ADEA and therefore not an "employer" for purposes of the IADA. Both parties agree that the Eleventh Amendment shields Purdue, an instrumentality of the state, from private actions for monetary damages under the ADEA. *See Kashani,* 813 F.2d at 848. Montgomery contends that Purdue is therefore not "subject to" the ADEA. Purdue disagrees, contending that it is "a governmental entity which is 'subject to' the ADEA through private actions by employees for injunctive relief and by direct enforcement by the [EEOC]." Appellee's Br. at 12 (citing 29 U.S.C.

§ 626). Purdue also observes that the First Circuit has held that the ADEA remains applicable to and may be enforced against the states. *See State Police for Automatic Retirement Ass'n v. DiFava,* 317 F.3d 6 (1st Cir.2003).

In *DiFava,* the plaintiff organization sought to overturn the permanent injunction of a mandatory retirement law for the Massachusetts state police force, claiming that *Kimel* had rendered the ADEA inapplicable to the states. The First Circuit disagreed:

> All that *Kimel* held was that—although the ADEA remained a valid exercise of Congress's power under the Commerce Clause—this fact alone did not, and could not, enable Congress to override a state's Eleventh Amendment immunity against suit. 528 U.S. at 91, 120 S.Ct. 631 [145 L.Ed.2d 522]. Hence *Kimel* did not declare the standards of the ADEA invalid nor inapplicable as they pertained to the states, but simply endorsed the rights of states and political subdivisions to enforce against ADEA lawsuits the immunity conferred by the Eleventh Amendment.
>
> The Eleventh Amendment, however, does not confer upon the states a total immunity against suit. *Alden v. Maine,* 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). *Kimel* involved a private action for monetary damages. Neither *Kimel,* nor Eleventh Amendment jurisprudence, prevents individuals . . . from obtaining injunctive relief against a state based upon the ADEA

---

6. Section 1 of the Fourteenth Amendment provides in relevant part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of

the laws." Section 5 of the Fourteenth Amendment provides, "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."

7. Both parties acknowledge that the *Kimel* court's remarks relating to the IADA are mere dicta and not binding on this Court.

pursuant to *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *See Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 374 n. 9, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (private individuals may sue for injunctive relief to enforce the standards of the ADA [Americans with Disabilities Act] under *Ex parte Young* ); *Laro v. New Hampshire,* 259 F.3d 1, 17 (1st Cir.2001).

Indeed, the United States itself may enforce the standards of the ADEA against states both in actions for money damages and for injunctive relief. *See Garrett,* 531 U.S. at 374 n. 9, 121 S.Ct. 955 [148 L.Ed.2d 866]; *Alden,* 527 U.S. at 755, 119 S.Ct. 2240 [144 L.Ed.2d 636]; *Laro,* 259 F.3d at 17. The EEOC, an agency of the United States, was a party to the suit that resulted in the issuance of the permanent injunction that [the plaintiff] now seeks to invalidate. In *Alden* the Court stated that "[i]n ratifying the constitution, the States consented to suits brought by other States or by the Federal Government." 527 U.S. at

755, 119 S.Ct. 2240 [144 L.Ed.2d 636]. Thus, even though private individuals are precluded by the Eleventh Amendment from suing the Commonwealth for money damages for violations of the ADEA, the provisions of the ADEA remain fully applicable and may be enforced against the Commonwealth in the manner described. *Kimel* has not so altered the legal landscape as to invalidate the permanent injunction [at issue].

*Id.* at 11–12; *see also Gill v. Pub. Employees Retirement Bd.,* 135 N.M. 472, 90 P.3d 491 (2004) (discussing *DiFava* with approval in holding that plaintiff could seek to enjoin future state violations of ADEA), *cert. denied.*

We find the *DiFava* court's analysis persuasive and agree with Purdue that it remains "subject to" the ADEA's enforcement provisions as detailed above and is therefore not an "employer" for purposes of the IADA.[8] Consequently, Montgomery has failed to state a claim upon which relief can be granted. We therefore affirm

**8.** Consequently, we need not determine whether Montgomery was required to exhaust any administrative remedies before seeking judicial review of his age discrimination claim. *Cf.* Ind.Code § 22–9–2–5 (stating that "[t]he commissioner of labor shall investigate all complaints of [age] discrimination"). Neither do we address the merits of Montgomery's cursory (and conclusory) argument that the IADA creates a so-called *Frampton* cause of action for monetary damages against an employer. *See Frampton v. Cent. Indiana Gas Co.,* 260 Ind. 249, 253, 297 N.E.2d 425, 428 (1973) (establishing what came to be known as the "public policy exception" to Indiana's employment-at-will doctrine, where employee was allegedly discharged in retaliation for filing worker's compensation claim; "[W]hen an employee is discharged solely for exercising a statutory conferred right an exception to the general rule must be recognized."). Our supreme court has expressed its "reluctance to adopt a generalized public policy exception to the doctrine of employment at will[,]" *McClanahan v. Remington Freight Lines, Inc.,*

517 N.E.2d 390, 393 (Ind.1988), and this Court has stated that "[m]ere conclusory arguments do not discharge the appellant's burden of establishing reversible error." *Pope v. Wabash Valley Human Servs., Inc.,* 500 N.E.2d 209, 213 (Ind.Ct.App.1986), *trans. denied.* Montgomery's three-sentence argument fails to acknowledge that Purdue is not an "employer" under the IADA, that Purdue is "subject to" the ADEA's enforcement provisions, and that potential sovereign immunity considerations exist based on Purdue's status as an instrumentality of the state. Until such time as we are presented with a cogent argument on this question, we leave its resolution for another day. *See* Ind. Appellate Rule 46(A)(8)(a) (stating that an argument "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning"); *see also Lasater v. Lasater,* 809 N.E.2d 380, 389 (Ind.Ct.App.2004) ("We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood.").

the trial court's dismissal of Montgomery's age discrimination claim and its entry of judgment on the pleadings.

Affirmed.

RILEY, J., and ROBB, J., concur.