NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016[*]
Decided April 7, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2641

| | |
|---|---|
| CONNIE S. MADDOX, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:13-cv-01551-RLY-DML |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | Richard L. Young, |
| *Defendant-Appellee.* | *Chief Judge.* |

## O R D E R

Connie Maddox appeals from the dismissal at summary judgment of her discrimination suit against her former employer, State Auto Property & Casualty Insurance Company. Because Maddox neither established a prima facie case of discrimination nor adequately supported her state-law theories, we affirm the district court's judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Except as noted, the following facts are not disputed. State Auto hired Maddox in 2009 to work as a claims adjustor in Indianapolis, Indiana. Maddox twice sought promotions in 2011, but her supervisor did not recommend her for either position because of concerns about carelessness and poor customer relations. Following a lackluster annual review in February 2012, Maddox was placed on a 90-day performance-improvement plan and warned that she could be fired unless she corrected the deficiencies.

Just two days later Maddox requested and received approval to take leave under the Family and Medical Leave Act. She explained that she had developed posttraumatic stress disorder after suddenly recalling a repressed memory of a traffic accident she had witnessed decades earlier. Maddox's FMLA leave expired in May 2012, and she returned to work without any medical restrictions, at which time the 90-day remedial period resumed.

That period ended in July 2012 with another poor review. Maddox then scheduled herself for wrist surgery, and State Auto approved her request for short-term disability leave. But while Maddox was on leave, State Auto notified her that declining business was forcing the company to eliminate all of its positions in Indianapolis for claims adjustors. Maddox responded by applying for another promotion, but State Auto turned her down and eliminated her job in October when her disability leave expired. The following year she filed a claim for worker's compensation based on her wrist impairment, but that claim was denied.

Maddox then brought this action claiming that State Auto had refused to promote her because of her medical conditions and sex, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, and Title VII of the Civil Rights Act of 1964, *id.* §§ 2000e to 2000e–17. Maddox also asserted claims under Indiana law for retaliatory discharge and intentional infliction of emotional distress. (A further claim under the FMLA was voluntarily dismissed).

Both parties moved for summary judgment. In her submissions, Maddox conceded that she had been placed on a performance-improvement plan but asserted that her supervisor had "set her up to fail" and falsely attributed to her the mistakes of other employees. But these submissions did not comply with the district court's local rules, and so the court adopted as undisputed State Auto's statement of material facts. See S.D. IND. L.R. 56-1(a–b), (f); *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (recognizing discretion of district courts to enforce local rules implementing Federal

Rule of Civil Procedure 56); *Bradley v. Work*, 154 F.3d 704, 707–08 (7th Cir. 1998) (same). After disregarding factual assertions that Maddox had not presented properly, the district court concluded that State Auto was entitled to summary judgment on all of Maddox's claims.

On appeal Maddox first challenges the district court's decision to disregard her factual assertions. But a district court is entitled to enforce its local rules, even against *pro se* litigants. See *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Most of Maddox's factual allegations were immaterial, and she violated Local Rule 56-1 by relying on unintelligible citations to voluminous, unorganized exhibits instead of specifically citing admissible evidence. Counsel for State Auto had explained to Maddox what the rule requires and warned her about the consequences of disregarding it, see *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), and so the district court acted within its discretion by striking her factual allegations and deeming State Auto's statement of material facts admitted, see *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008).

Maddox next challenges the grant of summary judgment on her ADA and Title VII claims, but we agree with the district court that a jury could not reasonably find that State Auto discriminated against Maddox on the basis of her medical conditions or sex. Maddox does not contest the district court's conclusion that she lacked direct evidence of discrimination. And she fares no better under the indirect method, which requires evidence that Maddox had been meeting State Auto's legitimate job expectations and that the company had treated similarly situated employees more favorably. See *Hooper v. Proctor Health Care, Inc.*, 804 F.3d 846, 852–53 (7th Cir. 2015) (discussing use of indirect method of proof in ADA cases); *Sklyarsky v. Means-Knaus Part., L.P.*, 777 F.3d 892, 896–97 (7th Cir. 2015) (discussing use of indirect method of proof in Title VII cases). The record contains no such evidence. To the contrary, the record shows that Maddox began receiving negative feedback about her performance in 2011, which culminated in her being placed on a performance-improvement plan in February 2012. The record also shows that Maddox continued having performance issues until the company laid her off for business reasons, along with all of its other Indianapolis-based claims adjustors. Without evidence of satisfactory performance, and lacking evidence that State Auto treated other under-performing claims adjustors more favorably, Maddox's claims of disability and sex discrimination could not survive summary judgment.

Maddox's failure to respond properly to State Auto's statement of material facts was also fatal to her state-law claims. To succeed on her claim of retaliatory discharge, Maddox needed evidence that State Auto fired her for seeking worker's compensation, see *Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 785 (7th Cir. 2005); *Frampton v. Central Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973), but Maddox did not apply for worker's compensation until six months *after* State Auto had eliminated her position. As for her claim of intentional infliction of emotional distress, Maddox needed evidence that State Auto intentionally or recklessly caused her severe emotional distress through outrageous conduct. See *Alexander v. United States*, 721 F.3d 418, 424 (7th Cir. 2013); *Williams v. Tharp*, 914 N.E.2d 756, 769 n.4 (Ind. 2009). She presented no such evidence, however. We therefore AFFIRM the judgment of the district court.