Scott **BUETHE**, Plaintiff,

v.

**BRITT AIRLINES, INC.,** Defendant.

**No. TH 80–251–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Jan. 5, 1984.

Stephen L. Trueblood, Terre Haute, Ind., for plaintiff.

B. Michael McCormick, Terre Haute, Ind., Michael H. Campbell, Atlanta, Ga., for defendant.

### ORDER

BROOKS, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Specifically, defendant avers the plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff argues the wording of the motion would conform more consistently with a motion under Rule 12(b)(6) of the Federal

Rules. However, that rule states, in part, "If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." The motion has been considered in oral argument and by extensive briefs and supplements thereto. Having given the parties all reasonable opportunity to present pertinent issues regarding the motion, the Court will treat the motion as provided in the rule quoted above.

The plaintiff's original complaint was filed in state court and was removed to this Court by the defendant. The cause of action is before the Court on the plaintiff's complaint alleging retaliatory discharge by the defendant.

## SUMMARY OF FACTS

The plaintiff, Scott Buethe, was employed as a part-time co-pilot by the defendant, Britt Airlines, Inc. (hereinafter "Britt"), from March 1979 to June 1980. Two incidents during that employment are of particular relevance to this case. On two, separate occasions, plaintiff refused to fly regularly scheduled passenger flights because of alleged problems with the aircraft. On March 10, 1980, prior to a scheduled flight from Chicago to Terre Haute, plaintiff informed the pilot that the "autofeather system" was inoperative. Plaintiff insists the pilot wanted to proceed with the flight with passengers on board. Plaintiff refused to do so, and the pilot acceded by ferrying the aircraft to Terre Haute without passengers. An incident involving the same pilot occurred on April 20, 1980, when the plaintiff refused to fly an aircraft after observing alleged discrepencies in the maintenance log and malfunctioning of the engine fire detection system. Considerable delays were incurred during repairs to the aircraft. Both incidents apparently were costly to the company because of the delays and the March flight cancellation.

Plaintiff was discharged by Britt's chief pilot approximately two months later. Plaintiff alleges the incidents in which he refused to fly the aircraft were the reasons for his dismissal.

Following his termination, plaintiff informed the Federal Aviation Administration of his safety concerns about Britt's procedures and aircraft. An investigation was commenced and completed without sanction to the defendant.

The defendant has moved for summary judgment alleging the plaintiff has failed to state a claim for relief under the Federal Aviation Act, 49 U.S.C. 1301 *et seq.*, and under Indiana law.

I

## DOES PLAINTIFF'S COMPLAINT ARISE FROM EITHER AN EXPRESS OR IMPLIED CAUSE OF ACTION UNDER FEDERAL LAW, SPECIFICALLY, THE FEDERAL AVIATION ACT?

Among Britt's contentions in its brief for the motion for summary judgment is that no private right of action, either express or implied, derives from the Federal Aviation Act. The regulations and policies of that Act are relied upon by the plaintiff, or at least the Court has reasonably inferred so from the complaint.

Defendant's contention that the Act does not provide an express private right of action is uncontested by the plaintiff. No such right is apparent on the face of the Act, in the legislative history, or in later court interpretation.

The only implied right of action previously recognized, and even here there is division among the courts, is for passengers. The underlying logic in affording those parties a private right of action is the conclusion that the Act's purpose was to insure the safety of airplane passengers. In *Moungey v. Brandt*, 250 F.Supp. 445 (D.C. Wis.1966), the court refused to "fortify"

the Congressional scheme of regulation by implying a civil remedy in a federal court. A contrary result was reached by a California district court in *Gabel v. Hughes Air Corp.*, 350 F.Supp. 612 (1972). There the court concluded violation of duties imposed by the Act created a cause of action in favor of persons injured or damaged by the death of a person caused by such violations. Clearly, there is no firm ground on the issue of implying rights of action from the Federal Aviation Act.

The defendant properly suggests the analysis the Court must undertake is stated in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1974). Mr. Justice Brennan outlines a four-step analysis for implying private rights of action from a federal statute:

1) Does the statute create a federal right in favor of the plaintiff?

2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one?

3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

4) Is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (Citations omitted).

Plaintiff has offered no arguments on the *Cort* analysis, one the Court concludes to be crucial to the resolution of the summary judgment motion. The only arguments relating to this issue advanced by the plaintiff make reference to state law and engrafting federal laws and policies onto Indiana case law on retaliatory discharge. Those arguments will be covered under Section II of this memorandum.

This Court already has concluded no express right in favor of this plaintiff was created by the federal statute. Co-pilots were evidently not one of a "class for whose especial benefit the statute was enacted." *Id.* The logic of implying such

causes of action for passengers is not disputed, but neither is it particularly relevant to this inquiry. Interpreting the Act to assure the safety of airplane passengers seems patently obvious; no such logical conclusion derives from the Act with regard to a co-pilot who endeavors to use the statute as a shield from an employer's decision to dismiss him.

Similarly, no indication of legislative intent to protect such employees is evident to the Court. The Congress cannot be presumed to have overlooked these kinds of protections. As the defendant has accurately argued, such private rights of action were provided in the National Labor Relations Act and in civil rights legislation. Under the Federal Aviation Act, the Congress seemingly has left regulation and enforcement to the expertise of the administrative agency, i.e., the Federal Aviation Administration (hereinafter FAA).

Perhaps the plaintiff's best ground for implying a right of action from the Act would be under the third point in the *Cort* analysis—that such a right of action would be consistent with legislative intent and policy. This Court is reluctant to make a decision which might imply that airline employees should hesitate to point out transgressions to their employers or to the FAA. At the heart of this controversy is the safety of airline passengers, the root of the federal policy and one that finds sympathy in this Court. Yet, a determination that Congressional intent may be implied to have created a private right of action stretches logic. Had Congress intended such a private right, it would have provided one. If it intended such a private right, this Court concludes it will require Congressional action by amending the statute. Absent a clearer mandate from Congress on the issue, the Court will await the guidance of the Congress.

As for a cause of action traditionally relegated to state law, it would appear regulation and policy for commercial aviation derives from federal law. The plaintiff insists his action derives from state law

on retaliatory termination. That argument is explored below.

The Court agrees with the defendant's contention that no express or implied private right of action exists in the Federal Aviation Act, 49 U.S.C. 1301 *et seq.* No claim or remedy for wrongful or retaliatory termination can derive therefrom.

## II

DOES PLAINTIFF'S COMPLAINT STATE A SUFFICIENT CAUSE OF ACTION UNDER INDIANA LAW, I.E., THAT EMPLOYMENT AT WILL TERMINATED FOR WRONGFUL OR RETALIATORY REASONS CONSTITUTES THE BASIS OF A COMPLAINT?

Parties disagree whether Indiana case law on employment at will is applicable to the instant case. Plaintiff's argument, in distilled form, is that: (1) Indiana recognizes an exception to the general rule that an employee at will may be discharged without cause; (2) that exception exists where the discharged party exercised a statutorily conferred right; and (3) that such a right is conferred by the Federal Aviation Act to a crew member of commercial aircraft.

As recently as 1979, the Indiana Supreme Court confirmed its view of the general rule on employment at will:

> The general rule and great weight of authority is that where the duration of the employment cannot be determined from the terms of the contract, the contract is at will and either party may terminate it with or without cause at any time in the absence of contractual limitations.

*Martin v. Platt,* 179 Ind.App. 688, 386 N.E.2d 1026 (citing *Pearson v. Youngstown Sheet & Tube Co.,* 332 F.2d 439 (7th Cir.1964); *Speeder Cycle Co. v. Teeter,* 18 Ind.App. 474, 48 N.E. 595 (1897)).

The prominent exception to the general rule was expressed by the Indiana Supreme Court in *Frampton v. Central Indiana Gas Company,* 260 Ind. 249, 297 N.E.2d

425 (1973). As the facts of that case weigh heavily in the determination of whether the exception should be applied in the instant case, we review it briefly. The plaintiff in *Frampton* was injured on the job and filed a workmen's compensation claim as a result. She did so with justifiable fear that filing such a claim might cost her job—she was discharged one month after settlement of her claim. The Indiana Supreme Court, after reaffirming certain policies relating to the Indiana Workmen's Compensation Act, concluded that threat of discharge was a prohibited "device" which would relieve the employer of his obligation, contrary to the statute and legislative policy. The court stated, "Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law." *Id.* at 428. Consequently, the court recognized an exception to Indiana's general rule on employment at will: "[W]hen an employee is so discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized." *Id.*

■ Clearly, the situation described above is not on all fours with the instant case. The *Frampton* court interpreted state law and found statutorily conferred rights derived from the Indiana statute. No case has engrafted rights arguably deriving from federal statutes in applying the *Frampton* exception. Plaintiff claims that a statutory duty exists in the Federal Aviation Act to refuse flying aircraft which he claims do not meet FAA standards. He further argues that federal policy will be thwarted if co-pilots are to pay for such refusals with their jobs. Also cited by the plaintiff is *Campbell v. Eli Lilly & Co.,* 413 N.E.2d 1054 (Ind.App.1980). Plaintiff claims *Campbell's* holding shows a disregard for the source of statutory duty under the *Frampton* exception. In other words, it makes no difference whether the source of the duty derives from state or federal law. However, the Court of Appeals of Indiana, First District, stated, "(The plaintiff) has nowhere demonstrated a statutory source for the alleged right he claims to

have exercised, nor has he demonstrated a statutory source for the duty he claims to have fulfilled." *Id.* at 1061. The court never reaches a discussion on the source of such duties; it merely concludes that no source existed in the case. To infer the distinction made by the plaintiff seems to stretch interpretative license. In fact, the Court of Appeals concluded there is no public policy in Indiana which implies a covenant in an employment agreement preventing an employer from terminating an at-will employee for reporting or discussing alleged negligent acts and practices of the employer. *Id.* at 1062.

Thus, the analysis returns to *Cort v. Ash* —is there a private right of action conferred upon the plaintiff by 49 U.S.C. 1341, *et seq.*? The Court has concluded there is not. There is nothing to enforce as part of Indiana's *Frampton* exception, as there is no recognized statutory duty under federal law. Plaintiff's efforts to find a statutory duty implied by state law also falls short. Title 8, Art. 21 of the Indiana Code merely defers to established Federal standards for the regulation and administration of civil aeronautics.

One final point raised by Britt was a statement that no allegation had been made by the plaintiff that his termination was discriminatory under any state or federal statute. The idea of "retaliatory discrimination" recalls situations where union members have filed grievances or employees have reported employer wrongs to government agencies and have been terminated as a result. Perhaps the reason the plaintiff chose not to file an action claiming discrimination was because he never reported the alleged wrongdoing to the FAA until after his dismissal. His firing could never be called "retaliatory" in that sense.

In summary, this Court cannot see sufficient justification to imply a private right of action under the Federal Aviation Act for an employee dismissed for refusing to fly aircraft he considered to be unworthy of carrying passengers. Congress has not provided such a right of action, and we can see no language in the legislation, or from the legislative history, from which reasonably to imply one. Similarly, there is no cause of action under Indiana law. Because the Court cannot identify a clear statutory duty owed by the plaintiff in this fact situation, his complaint cannot come under the protections of the *Frampton* exception discussed *supra.*

The Court's consideration of this case was under its federal question jurisdiction. That basis having evaporated in light of this order, there is nothing further for the Court to consider. In light of the foregoing, the Court finds it unnecessary to consider the additional issues of punitive damages and a pending motion to strike. Granting the motion for summary judgment is therefore dispositive of this case.

For those reasons, the Court GRANTS defendant's motion for summary judgment as to all of the plaintiff's complaint removed to this Court.

IT IS SO ORDERED.