898 F.2d 1125
 12 Employee Benefits Ca 1197
 NORTHERN GROUP SERVICES, INC.; Masco Industries, Inc.,
Benefit Plan for Hourly Employees of Forming Technology;
Masco Industries, Inc., Employees' Benefit Plan for Salaried
Employees; Masco Industries, Inc., Self-Funded Employee
Benefit Plans; Highland Appliance Companies, Medical
Benefit Plan, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; Auto Owners
Insurance Company; Auto Club Insurance Association;
Farmers Insurance Exchange; Citizens Insurance Company of
America; Michigan Insurance Company; Allstate Insurance
Company, jointly and severally, Defendants-Appellees.
 No. 89-1053.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 25, 1990.
Decided March 21, 1990.
 
 Stephen F. Wasinger (argued), John H. Eggertsen, Michael R. Shpiece, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for plaintiffs-appellants.
 John Ashton, Plymouth, Mich., for State Farm Mut. Auto. Ins. Co., defendant-appellee.
 Stephen E. Glazek (argued), Barris, Sott, Denn & Driker, Detroit, Mich., Terrance M. Lynch, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, Mich., for Auto Owners Ins. Co., Citizens Ins. Co. of America and Michigan Ins. Co., defendants-appellees.
 David J. Lanctot (argued), Detroit, Mich., for Auto Club Ins. Ass'n, defendant-appellee.
 Thomas F. Kauza, Harvey, Kruse, Westen & Milan, Detroit, Mich., for Farmers Ins. Exchange, defendant-appellee.
 James L. Borin, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., for Allstate Ins. Co., jointly and severally defendant-appellee.
 Before MERRITT, Chief Judge; MARTIN, Circuit Judge; and BROWN, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 In a previous appeal in this action, our Court published on November 13, 1987, an opinion, Northern Group Servs., Inc. v. Auto Owners Ins. Co., 833 F.2d 85 (6th Cir.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), holding that the three preemption provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1144(a), 1144(b)(2)(A) and 1144(b)(2)(B), when read together, do not preempt Sec. 3109a of the Michigan Insurance Code, M.C.L.A. Sec. 500.3109a, insofar as it establishes coordination of benefit rules between automobile insurance and "health and accident coverage." The appeal in the previous case was from a district court ruling that the federal statute preempted the state statute, occupying the field of state coordination of benefit rules. We reversed that ruling and remanded the case to the District Court for further proceedings. The District Court then held on remand that this Court's previous opinion had interpreted Sec. 3109a to apply to self-funded or self-insured ERISA benefit plans as well as insured plans as a matter of state law: "The Court concludes that the Sixth Circuit has ruled that Sec. 3109a of the Michigan Insurance Code applies to plaintiff-employee benefit plans as a matter of state law...." J.A. at 23 (emphasis added).
 
 
 2
 This ruling by the District Court was in error. We ruled only on the federal claim of preemption, the federal issue then before us, and did not attempt to rule on any pendent state claim requiring an explication of state law. We did not consider or rule, for example, on the question whether uninsured ERISA plans constitute "health and accident coverage" and thus whether Sec. 3109a--as a matter of state law--applied to self-insured ERISA plans. For purposes of deciding the federal preemption question, and that question only, we merely assumed, without deciding, that the coordination rules of Sec. 3109a applied to both insured and uninsured ERISA plans. We referred to the fact that Michigan had "developed a substantial and complex body of common law and statutory principles to resolve questions of priority that arise when multiple coverage produces conflicts of the type presented in this case." Northern Group Servs., 833 F.2d at 94. We did not attempt to precisely define those state law rules as they apply to various forms of coverage or ERISA plan benefits.
 
 
 3
 It was unnecessary for us to interpret Sec. 3109a in any detail because in our previous case we only had to decide whether the preemption provisions of ERISA, e.g., Sec. 1144(a) (ERISA "shall supersede ... State laws insofar as they ... relate to any employee benefit plan") (emphasis added) and Sec. 1144(b)(2)(B) (a provision saving from preemption "any law ... purporting to regulate insurance"), should be interpreted to occupy the field of state coordination of insurance benefit rules, not whether a specific, isolated state coordination rule conflicts with a specific provision in an ERISA plan. For background concerning the various federal preemption principles, including "occupation of the field" preemption, see generally Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 747-48, 105 S.Ct. 2380, 2393-94, 85 L.Ed.2d 728 (1985); Jones v. Truck Drivers Local Union No. 299, 838 F.2d 856, 868-75 (6th Cir.1988); Field, Sources of Law: The Scope of Federal Common Law, 99 Harv.L.Rev. 88-1 (1986).
 
 
 4
 Our previous opinion states in the first sentence that the question presented was whether ERISA preempts Michigan law "to the extent that the Michigan law allows policy provisions [on coordination of insurance benefits] which conflict with ERISA plans." Northern Group Servs., 833 F.2d at 86 (emphasis added). We then explored the legislative history of the ERISA preemption provisions. We did not explore the legislative history of the Michigan law or make any attempt to analyze which types of insurance or employee benefits fall under Sec. 3109a.
 
 
 5
 The District Court judgment holding that our previous decision made a conclusive interpretation of Sec. 3109a of the Michigan Code as a matter of state law is, therefore, in error. Its ruling that we concluded that Sec. 3109a applies to self-insured ERISA plans is reversed. The case is remanded to the District Court.
 
 
 6
 The District Court on remand should treat the state law issues concerning the application of Sec. 3109a of the Michigan Insurance Code as pendent state claims. It should exercise its discretion to retain and decide those pendent state issues under the principles established in United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139-40, 16 L.Ed.2d 218 (1966); Gaff v. Federal Deposit Ins. Corp., 814 F.2d 311, 319 (6th Cir.1987); Buethe v. Britt Airlines, Inc., 749 F.2d 1235, 1240-41 (7th Cir.1984), and other similar cases creating and applying standards to guide district courts in exercising jurisdiction over pendent state claims after the federal issue in the case has been decided.
 
 
 7
 Accordingly, the judgment of the District Court is reversed and the case remanded for disposition in accordance with this Court's instructions.