**Mr. Mark FOLIETY, Gerry Voghn All State Insurance Representative, Antonio G. Macias, T.V. Station 24 Fox, Garcia Roberto Delgado 8 Family Friends, Plaintiffs,**

v.

**Cabeiro Ramos CERVANTES and Close Relatives Theirs & My Family Too Brandts Legler O.F.M., Sappettas James D. Tiar Bassi Barnes 8 Relatives, Defendants.**

No. 94–C–510.

United States District Court, E.D. Wisconsin.

July 28, 1994.

Antonio Macias, pro se.

## DECISION and ORDER

MYRON L. GORDON, Judge.

The above-captioned action was filed on May 11, 1994, and was accompanied by the $120 filing fee required by 28 U.S.C. § 1914(a). The complaint, which was drafted on a standard civil complaint form issued by the clerk of court, was obviously drafted *pro se.* Although several plaintiffs are named in the caption of the complaint, the civil complaint form is signed by only one of the named plaintiffs, that being Antonio G. Macias. I surmise that he is the individual who drafted the complaint, physically filed it in the clerk's office and paid the filing fee.

The complaint is quite incomprehensible. No answer has been filed to date nor has proof of service been filed with the court demonstrating that the complaint has been properly served on the "defendants." *See* Rule 4(*l*), Federal Rules of Civil Procedure.

Rule 4(m), Federal Rules of Civil Procedure, provides, in part, that:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.…

Thus, the plaintiffs' opportunity for effectuating proper service will expire on September 11, 1994. Consequently, if service is not completed by September 11, 1994, the court could dismiss this action pursuant to the authority of Rule 4(m), Federal Rules of Civil Procedure, upon notice to the plaintiffs. However, because the court finds that it has no subject matter jurisdiction over this action, this action will be dismissed at this time, without prejudice, rather than at a later date for failure to perfect service.

■ The law provides "that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235, 1238 n. 3 (7th Cir.1984). *See also Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1055 (7th Cir.1983) ("The general rule is that subject matter jurisdiction may be … raised *sua sponte* by the court at any point in the proceedings."), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

As already mentioned, the plaintiffs' complaint is not understandable. A verbatim sample of one of the allegations in the complaint follows below:

Starting time and confirmed a tactic top officer now deployed to stay in Kenosha Wisc. I call him "Dady." Mr. Berry Kristy Karam in good corporation security scuadron I want to place him in my right with Mr. Tylord Nelson and Mr. Pushsnsky and top brother and priest Father Bernard Geiger so distinguished person's to proportionate help to family like my family and to be witnesses about the sutility of aparthead of the enterily world system. The strong temptention make them goes over my family boys & girls and my wife's becouse the are two, now enemies.…

*Complaint* at 2–3.

After reviewing the above allegation and other equally unclear allegations in the remainder of the complaint, the court finds it does not have subject matter jurisdiction over this action based on either federal question jurisdiction (i.e. 28 U.S.C. § 1331) or diversity jurisdiction (i.e. 28 U.S.C. § 1332).

■ There are no allegations establishing that a federal question appears "on the face of the complaint." *See Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 11–12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983) (upholding "well-pleaded complaint" rule). Nor are there any allegations establishing diversity of citizenship between the plaintiffs and the defendants and an amount in controversy exceeding $50,000 as required for diversity jurisdiction. Accordingly, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

Mr. Macias has expended $120 to file this complaint, and he might well consider making an investment in attorneys fees before starting another court action.

Therefore, IT IS ORDERED that this action be and hereby is dismissed, without

prejudice, for lack of subject matter jurisdiction.